**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TIMOTHY BLACK,
D.O.C. # J-20707,**

      **Plaintiff,**

**vs.**                                                        **Case No. 4:07cv9-SPM/WCS**

**KATZ-KEGAN, et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint on January 8, 2007.  Doc. 1.  Plaintiff did not pay the filing fee at the time he submitted the complaint, but filed a motion seeking leave to proceed with *in forma pauperis* status.  That motion has been supplemented with a recent filing.  Doc. 7.  Those documents have now been reviewed along with Plaintiff's initial complaint, doc. 1.  It has been discovered that Plaintiff is not entitled to proceed *in forma pauperis* in the federal courts because he has already incurred *more* than three "strikes" under 28 U.S.C. § 1915(g).

Plaintiff previously initiated a civil rights case against two attorneys in private practice who Plaintiff alleged negligently represented him in a criminal case.  On March 27, 2002, that case (3:02cv280-HLA), was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) in the Middle District of Florida because Plaintiff failed to show the named Defendants were acting under color of state law.  Plaintiff initiated another action in the Middle District, case # 3:02cv281-HWM, which was dismissed for failure to state a claim under § 1983.  In that case, the court found Plaintiff's claims against two prosecutors and an investigator were barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Doc. 4, case 3:02cv281.  In a third case from the Middle District, case # 3:04cv330-HES,[1] was dismissed as frivolous because he sought to "overturn his state court conviction," a remedy only available through habeas corpus, and (among other reasons) because the complaint failed to state a claim as the claims were barred by Heck v. Humphrey, supra.  Accordingly, Plaintiff has at least three "strikes" pursuant to 28 U.S.C. § 1915(g) which precludes him from proceeding in forma pauperis in this civil rights action.

Plaintiff is well aware that he is barred from obtaining in forma pauperis status.  As recently as September 7, 2006, Plaintiff had case 8:06cv1609-SDM-MAP, dismissed in the Middle District of Florida under § 1915(g).  The order of dismissal in that case reveals that three other cases were also dismissed under § 1915(g).

Plaintiff has intentionally attempted to hide the fact that he has had more than three cases dismissed under § 1915(e) from this Court.  Furthermore, Plaintiff has failed

---

[1] The case was removed from state court by defendants because the complaint "contained claims arising under 42 U.S.C. § 1983."  Doc. 8, case 3:04cv330.

to truthfully acknowledge all of the cases he has filed.  *See* doc. 1, pp. 8-9.  Plaintiff's claim that he "no longer has those cases available to him" is unacceptable.

This case raises claims concerning medical care.  These allegations do not bring Plaintiff within the "imminent danger" exception for proceeding with *in forma pauperis* status.  28 U.S.C. § 1915(g).  Therefore, this case must be dismissed without prejudice to Plaintiff refiling the case and simultaneously submitting the full filing fee.  *See* Dupree v. Palmer**,** 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1916(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2007.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**