IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY BLACK,
D.O.C. # J-20707,

        Plaintiff,

vs.                                     CASE NO. 4:07cv9-SPM/WCS

KATZ-KEGAN, et al.,

        Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Magistrate Judge's report and recommendation (doc. 8) dated January 24, 2007. Plaintiff was furnished a copy and he has filed an objection (doc. 9). Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation should be adopted.

Plaintiff does not contest that he has three or more strikes under the Prison Litigation Reform Act and can therefore proceed in forma pauperis only upon a showing that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The allegations of Plaintiff's complaint do not demonstrate that Plaintiff is under imminent danger of serious physical injury.

**1.     Summary of Plaintiff's Allegations**

In his complaint, Plaintiff alleges that on three separate periods of time he sought treatment for problems with his left eye.  Plaintiff explains that he saw physician assistant Abad on September 11, 2003 after he slipped and hit his left eye on a water fountain.  Abad diagnosed Plaintiff with conjunctivitis (pinkeye) and gave Plaintiff some eye drops and a patch to wear.  Abad was supposed to have scheduled a follow up appointment for Plaintiff, but he failed to do so.  On January 29, 2004, Plaintiff reported for sick call because he was having problems with his eye.  Plaintiff was told that he already had an appointment with a doctor scheduled for February 6, 2004 and that he should raise his concerns with the doctor.  Plaintiff does not explain what happened at the February 6, 2004 appointment or what happened for a period of time approximately 17 months thereafter.  Plaintiff did, however, file grievances concerning the treatment he received from Abad on September 11, 2003.

In April of 2005, Plaintiff was transferred to Charlotte Correctional Institution.  He reported for sick call in July of 2005.  A nurse examined Plaintiff's eye and told Plaintiff that the eye was fine.  On August 10, 2005, Plaintiff saw nurse Hoffman.  Hoffman advised Plaintiff that he would refer Plaintiff to a doctor, but Hoffman did not follow up.  Plaintiff went to sick call again on August 25, 2005.  Although Plaintiff requested to see a doctor, he was again seen by Hoffman, who did nothing for Plaintiff.  On August 29, 2005, Plaintiff was seen by

Dr. Hemphill concerning blood pressure.  Dr. Hemphill also gave Plaintiff some eye drops.  Plaintiff was seen by an optometrist on September 23, 2005, to be fitted for glasses.  The optometrist advised Plaintiff to see an eye specialist for complaints about his eye.  Plaintiff does not explain what happened for a 15 month period thereafter.  Plaintiff did, however, file grievances concerning Hoffman's treatment of him.

On September 19, 2006, Plaintiff was transferred to Franklin Correctional Institution.  Plaintiff's eye became red and painful on December 14, 2006.  On December 16, 2006, a duty nurse gave Plaintiff some eyewash.  On December 17, 2006, the same duty nurse gave Plaintiff eye drops and advised Plaintiff that he would be referred to a doctor.  On December 18, 2006, Plaintiff was seen by nurse Franklin.  Although Plaintiff's eye was getting worse, Franklin advised Plaintiff to keep using the drops.  Plaintiff saw Franklin again on December 20, 2006.  Plaintiff's eye was still in the same condition.  Franklin advised Plaintiff that Plaintiff would see a doctor on Tuesday.  In the meantime, Plaintiff showed his eye to the mental health nurse on December 22, 2006.  On Saturday, December 23, 2006, Franklin brought Plaintiff antibiotic eye drops and pills to take for 5 days.  It is unclear if Plaintiff saw a doctor on Tuesday, December 26, 2006.

In his objections to the magistrate judge's report and recommendation, Plaintiff explains that every year at a certain times his left eye becomes very red

CASE NO. 4:07cv9-SPM/WCS

and painful.  Plaintiff complains that he has been mis-diagnosed and that an erroneous notation has been made in his medical file that Plaintiff suck his own finger in his eye.  Plaintiff fears that the condition of his left eye will deteriorate and cause problems with his right eye.  In addition to monetary damages, Plaintiff asks to be seen by a doctor or eye specialist.

**2.    Analysis**

Imminent danger of serious physical injury can result from deliberate indifference to medical needs.  Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir. 2004).  In Plaintiff's case, however, his medical problem is being treated and Plaintiff does not make a credible claim that he is likely to suffer serious physical injury.

Plaintiff has sought treatment for his eye problem sporadically over the years at various prison institutions.  He has been diagnosed and treated at least once for conjunctivitis (pinkeye).  After an apparent lapse of symptoms, Plaintiff sought treatment in December 2006 at Franklin Correctional Institution.  Plaintiff was provided with medical treatment, although he disagrees with his course of treatment.  The allegations of Plaintiff's complaint are not sufficient to show that medical officials at Franklin Correctional Institution have been deliberately indifferent to a serious medical need, nor do they demonstrate that Plaintiff is in

imminent danger of serious physical injury.  Accordingly, it is

ORDERED AND ADJUDGED:

1.	The report and recommendation (doc.8) is adopted and incorporated by reference in this order.

2.	This case is dismissed without prejudice to Plaintiff's opportunity to refile the case with full payment of the filing fee.

DONE AND ORDERED this 8th day of February, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge